UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLCONDA FINANCIAL GROUP, LLC, | No. 2:16-cv-632 TLN EFB |
| Plaintiff, | |
| v. | **ORDER REMANDING CASE** |
| HARRY MCCLAIN and MASTISHA MCCLAIN | |
| Defendants. | |

This matter is before the Court pursuant to Defendant's Notice of Removal. (ECF No. 1.) For the reasons set forth below, the Court hereby remands the action to the Superior Court of California, County of Sacramento, due to lack of subject matter jurisdiction.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On January 20, 2016, Plaintiff Golconda Financial Group, LLC ("Plaintiff") filed an unlawful detainer action in the Sacramento County Superior Court of California. (Not. of Removal, ECF No. 1.) On March 25, 2016, Defendants Harry and Mastisha McClain ("Defendants") filed a Notice of Removal in the United States District Court, Eastern District of California. (ECF No. 1.) Defendants assert that removal is proper because "Defendants' Answer

1

to the complaint for unlawful detainer was based on a defective Notice to Pay Rent of [sic] Quit." (ECF No. 1 at 2.) Thus, Defendants conclude that a "federal question exists because Defendant's [sic] Answer, a pleading depend [sic] on the determination of Defendant's [sic] rights and Plaintiff's duties under federal law." For the reasons stated below, this Court finds that subject matter jurisdiction does not exist and thus this case must be remanded.

## II.   STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, as amended, 387 F.3d 966 (9th Cir. 2004), cert. denied 544 U.S. 974 (2005).

The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. Removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question, whether filed in state court or federal court. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

## III.   ANALYSIS

Defendants removed this case to this Court on the basis of federal question jurisdiction. Defendants argue that jurisdiction is proper under 28 U.S.C. § 1441(a) or (b).[1] Section 1441(a)

---

[1] Defendants fail to explain how or why subject matter jurisdiction exists under 28 U.S.C. §§ 1441(b) or 1332(a). In fact, other than Defendants' passing mention of §1441(b), Defendants

2

state: "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  Thus, for jurisdiction to exist under § 1441(a), a federal question must be presented on the face of the plaintiff's properly pleaded complaint.  *Caterpillar*, 482 U.S. at 386.  Here, Defendants are claiming that their Answer implicates federal questions.  This cannot confer original jurisdiction.  *See Vaden v. Discover Bank*, 556 U.S. 49 (2009) (holding that removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question).  Furthermore, Defendants have failed to allege any facts that would support a finding of subject matter jurisdiction under § 1441(b).

Section 1441(b) allows for a case to be removed to federal court on the basis of diversity jurisdiction if the requirements of 28 U.S.C. § 1332(a) are met.  Section 1332(a) confers diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States."

The burden of proving the amount in controversy depends on what the plaintiff has pleaded.  *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998, 1000 (9th Cir. 2007).  When the complaint alleges damages less than the jurisdictional requirement, the party seeking removal must prove the amount in controversy with legal certainty.  *Id.*; *Rynearson v. Motricity, Inc.*, 601 F. Supp. 2d 1238, 1240 (W.D. Wash. 2009).  The complaint alleges damages calculated of past rents in the amount of $993.28, as well as reasonable attorney fees.  (ECF No. 1 at 8.) Defendants have not provided any factual information that would support a finding of damages exceeding $75,000 nor have Defendants alleges that the parties in this case are citizens of different states.  Thus, Defendants have failed to establish their burden of showing that jurisdiction before this Court is proper.  Therefore, it is appropriate to remand this case, *sua sponte*, for lack of federal jurisdiction.  *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*,

---

fail to discuss diversity jurisdiction. Nonetheless, this Court discusses below why removal is improper under §1441(b).

1  360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte,* whether the parties raised the issue or not.").

### IV.   CONCLUSION

For the foregoing reasons, the Court hereby remands this action to the Superior Court of California, County of Sacramento.  In remanding this case, both Defendants filed motions to proceed in forma pauperis.  (*See* ECF Nos. 2, 3.)  The Court has reviewed these motions and finds that both Defendants meet the requirements to proceed in forma pauperis and thus grants said motions.

IT IS SO ORDERED.

Dated: March 30, 2016

Troy L. Nunley
United States District Judge